# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

**WORCESTER , SS.**

**SUPERIOR COURT DEPARTMENT**
**OF THE TRIAL COURT**
**CIVIL ACTION NO.**

ESTHER G. DERANAMIE ,

Plaintiff

v.

COMMUNITY HEALTH LINK,
&
SEIU LOCAL 509 UNIONN

Defendants

RECEIVED
JUL 29 2015
CLERK OF COURTS
WORCESTER COUNTY

**VERIFIED COMPLAINT**

**INTRODUCTION**

1. This is a verified complaint for monetary damages for Breach of Contract, Wrongful Termination arising from the termination without cause of Esther G. Deranamie, (Hereinafter "plaintiff") and racial and ethnic discrimination in employment by the defendant, Community Health Link, (Hereinafter, "CHL") .

2. This is also a verified complaint for monetary damages for the violation of the Consumer Protection Laws of the commonwealth of Massachusetts under Chapter 93 (A) by SEIU, Local 509, (Hereinafter "SEIU") for its unlawful deceptive and unfair practice, or conduct of business AND Breach of Contract for Union's breach of Collective Bargaining Agreement between the plaintiff and Union and discrimination arising out of the wrongful termination without cause of the plaintiff by CHL.

**PARTIES**

3. The Plaintiff is an individual who resides in Worcester, Worcester County Massachusetts. The plaintiff is also a member of a protective Class, An African American Woman, who is a decedent of Liberia, West Africa

4. Defendant, CHL is a Massachusetts Corporation whose principle place of business is 72 Jaques Avenue, Worcester, Worcester County, Massachusetts 01610-2480.

5. Defendant SEIU, is an organized labor union of which plaintiff is a member, has a Collective Bargaining Agreement with defendant CHL which makes it duty being to defend plaintiff against dismissal without just cause. SEIU Principal place of business and Headquarters is 100 Talcott Avenue, Building 313, 2nd Floor, Watertown, MA 02472

**Facts Common to all Counts**

6. On April 4, 2009 the plaintiff was hired by the CHL as a relief Residential Counselor in CHL's Motivation of Youth Recovery Program, (Hereinafter "MYR).

7. On December 31, 2009, plaintiff was moved to a Relief Residential Counselor Position in Respondent's Windsor's Program.

8. On July 2, 2012, plaintiff was moved from Relief to Residential Counselor II Position with CHL's residential program at Chelsea House Program, (Hereinafter "Chelsea House") located at 444 Cambridge Street, Worcester, Massachusetts.

9. On January 1, 2013 the plaintiff was moved from Residential Counselor II to Rehab Specialist at Chelsea House.

10. The plaintiff, immediate supervisor in the Rehab Specialist position at Chelsea House, is the Program Coordinator, (Hereinafter "PC" ) and the plaintiff's next level supervisor is Mike Archambault), who is stationed at the administrative Office of CHL

11. In all of the positions held by the plaintiff at the various programs including the Rehabilitation Specialist, the Job Description Document describes the Report To Individual as Program Coordinator, PC or Assistant Coordinator or AC;

12. plaintiff at this point in her employment has had excellent Performance Reviews and no written or verbal warnings of any kind, whatsoever and Complainant believes she had not had any misconduct, never mind, egregious misconduct;

13. In or about late 2013 or early 2014, Tina Damstrom was hired as the Assistant Program Coordinator, (Hereinafter "AC") at Chelsea House; The AC was the best friend of Ms. Samantha Waskiewicz, the Treatment Coordinator, (Hereinafter "TC"); also in early 2014 and shortly after the AC was hired, Wendy Jackson was hired as the new PC at Chelsea when the old PC, Renee Remington who had been the PC at Chelsea during the hiring period of the plaintiff was terminated.

14. In early to mid February there was a verbal altercation between the AC and the plaintiff and that verbal altercation had nothing to do with plaintiff's performance or work conduct, but instead, the PC attacked the plaintiff's personal character to another employee, who in turn informed the plaintiff of the remarks made against the plaintiff by the AC in plaintiff's Absence;

15. Shortly after the brief altercation between the AC and plaintiff, the TC, who is the best friend of the AC was out to pay back or get the plaintiff fired.
16. In or about early March, 2014 the TC informed plaintiff about the observation of what the TC called a falsification of the signature of a former employee's without showing plaintiff the falsified records;

17. SEIU was notified and there was a meeting with the TC, Union Rep and plaintiff. After the meeting the Union Representative informed the plaintiff and the plaintiff's understanding after the meeting was the issue of the *falsification of the signature of the former employee* was resolved without any warning, because the TC should have train the plaintiff in doing the particular paperwork involved and the TC had failed to trained the plaintiff;

18. Plaintiff later learned that a on March 13, 2014 a "Final Warning" was issued to the plaintiff as a result of the meeting and the issues involving the falsification of signature

19. SEIU through it union Representative was notified of the "Final Warning" purportedly issued to the plaintiff

20. To the best of plaintiff's knowledge, the plaintiff had no knowledge of the so call "Final Warning" allegedly issued to plaintiff on March 13, 2014;.

21. *SEIU* with notice of the "Final Warning" issued to the plaintiff, took no action. SEIU did not notify the plaintiff nor did SEIU filed grievance on behalf of the plaintiff according to the "Grievance Agreement' with CHL and the plaintiff

22. For the period between March 13, 2014 and June 1, 2014 the Plaintiff continued working at CHL at its Chelsea House Program and the plaintiff continued to perform her duties diligently and conscientiously.

23. On or about June 1, 2014 when plaintiff went to work, a CHL client or resident of Chelsea House or Person Served, With the initial, RD, (Hereinafter "RD") approached plaintiff to complain and inquire of the plaintiff why is it that the plaintiff had put him on the cooking schedule, prepared by the plaintiff for 2 days in a row and that RD did not like the assignment by the plaintiff.

24. Plaintiff informed RD that plaintiff was very sorry that RD felt the way he felt about the cooking schedule, but plaintiff would assist RD the second day of RD's cooking duties.

25. RD got very upset and started insulting the plaintiff. RD called the plaintiff all kinds of names, including **Nigger**. RD also stated that he pays an amount of $1,000.00/month to CHL, and that the company should hire a Cook and a Cleaning Person. He continued to

insult plaintiff to which plaintiff told RD that he should not talk to plaintiff like that because plaintiff do not talk to RD in that manner.

26. On that day the plaintiff shift ended at 3:00PM and plaintiff left for the day ending the RD's verbal assault and abuse on the plaintiff

27. On or about June 2, 2014 RD apologized to the plaintiff about the previous day's insult and continued to apologize to the plaintiff for about 2 weeks for the June 1, 2014 incident

28. On or about June 2, 2014 plaintiff informed the PC about the incident of the previous day with RD. The PC took no action concerning the incident reported to her by the plaintiff.

29. On June 16, 2014 plaintiff was present in the office shared by all the employees and a scheduled Individual Action Plan, (Hereinafter "IAP") meeting involving RD, the same resident who had called plaintiff a Nigger was held and the IAP meeting was attended by the AC, TC and Melissa Ann Astukiewicz, the Clinician, (Hereinafter "Clinician").

30. The plaintiff was not part of the IAP meeting but continued to do her work in the same room the meeting was going on;

31. Plaintiff was in the office, common workspace share by all the staff at the Chelsea Program and same office of the IAP meeting and plaint was not asked by any of the participants to leave the common area.

32. Just before the end of the IAP meeting plaintiff responded to a question asked " If anyone had something to say?"; plaintiff proceeded by telling the clinician and the others present, the TC, and AC and RD to please advise RD and let him understand that he does not pay his $1,000.00/month to the plaintiff. **Complainant comments were never directed at RD or directed to RD;**

33. As plaintiff was still speaking, RD interrupted and started talking in the background and over the voice of the plaintiff in a screaming and loud voice at and to the plaintiff; Plaintiff continued to speak and the Clinician yelled at plaintiff and shouted "Esther, shut up", and plaintiff immediately stopped speaking; Clinician then apologized to plaintiff for yelling at plaintiff, and the meeting subsequently ended.

34. There was never a follow-up meeting with the plaintiff and the PC, APC, TC and Clinician after the incident described in the paragraph 33;

35. On or about June 17, 2014, plaintiff reported to work for her regular shift and plaintiff worked almost toward the end of her shift, and at 2:00 P.M., the PC who was away from Chelsea House called Chelsea House and spoke to the plaintiff on the phone and instructed the plaintiff to meet her at the Personnel Department for a meeting.

36. Plaintiff immediately proceeded to personnel Department, which is about three miles away from the Chelsea House Program building.

37. When plaintiff arrived at Personnel Department for the meeting, the plaintiff was presented with the letter of termination for disrupting an IAP meeting on June 16, 2014 and plaintiff was asked if she had any question about the termination letter. Plaintiff still shock and very surprised to learn that that she had been terminated for disrupting the IAP meeting held a day earlier, responded that she had no question.

38. Plaintiff had not been given warning in the past to the best of her knowledge. Plaintiff learned of the March 13, alleged "Final Warning" at the Department of Unemployment assistance, (Here in after "DUA") Appeal Hearing from a appeal taken by CHL.

39. SEIU was immediately and promptly notified of the termination of the plaintiff by both CHL and the plaintiff and again, SEIU took no action for plaintiff nor did SEIU filed a grievance for the plaintiff in the matter of her termination or the incidents preceding her termination;

40. Plaintiff Performance Reviews of October 1, 2013 and October 31, 2012 rated her performance in the Summary Section: Overall Performance a "P" P = PERFORMS TO EXPECTATIONS: *Consistently performs job requirements at the expected level of competence. If new to the job, learning progress equals expectations.*

41. There were also no comments made in the Performance Development Plan segment, No comments for Goals, Strengths, and Area for Improvement;

42. Plaintiff's Supervisor and reviewer of the 10/1/2012 Review commented in the Summary Section as follows: ***"Esther is a pleasure to work with. She puts 100% of effort and energy into her job. She is always willing to help out with rides, filling in shift, driving persons served etc.. The persons served really seem to enjoy her company. She has been a very pleasant and positive addition to Chelsea House Staff. As her supervisor I have witnessed her interactions with clients which is always positive in nature, even with difficult clients who do not respond well to direction. Esther is patient, understanding, compassionate and genuinely cares about the clients that she serves"***

**Count 1- Wrongful Termination by CHL**

43. The Plaintiff re -alleges and incorporates Paragraphs 1 through 42 of this complaint into count 1.

44. The Plaintiff alleges that the plaintiff was a member of SEIU Local 509 and that she is a party to the Collective Bargaining Agreement between CHL and SEIU; The plaintiff is not an at will employee because of her membership in the union, she may not be dismissed without just cause and that plaintiff was dismissed without just cause

**Count 2- Breach of Contract By Defendant CHL**

45. The Plaintiff re -alleges and incorporates Paragraphs 1 through 44 of this complaint into count 2.

46. The Plaintiff alleges that the plaintiff was a member of SEIU Local 509 and that she is a party to the Collective Bargaining Agreement between CHL and SEIU. The plaintiff is not an at will employee because of her membership in the union and a party to the Collective Bargaining Agreement and she may not be dismissed without just cause and that plaintiff was dismissed without just cause. The Plaintiff alleges that the Defendant CHL has breached the terms of the Collective Bargaining Agreement.

**Count 3- Discrimination in Employment By Defendant CHL**

47. The Plaintiff re -alleges and incorporates Paragraphs 1 through 46 of this complaint into count 3.

48. The Plaintiff alleges that the plaintiff adequately performed her job and or is a member of a protected class and that some adverse employment action occurred and that the plaintiff was treated differently from other similarly situated non-African American/Liberian employees of CHL a member of SEIU Local 509 and that she is a party to the Collective Bargaining Agreement between CHL and SEIU. The plaintiff is not an at will employee because of her membership in the union and a party to the Collective Bargaining Agreement and she may not be dismissed without just cause and that plaintiff was dismissed without just cause. The Plaintiff alleges that the Defendant CHL has breached the terms of the Collective Bargaining Agreement.

**Count 4- Discrimination By Defendant SEIU Local 509**

49. The Plaintiff re -alleges and incorporates Paragraphs 1 through 48 of this complaint into count 4.

50. The Plaintiff alleges that the plaintiff adequately performed her job and or is a member of a protected class and that some adverse employment action occurred and that the plaintiff was treated differently from other similarly situated non-African American/Liberian member of SEIU Local 509;

**Count 5- Breach of Contract By Defendant SEIU Local 509**

51. The Plaintiff re -alleges and incorporates Paragraphs 1 through 50 of this complaint into count 5.

**52.** The Plaintiff alleges that the plaintiff was a member of SEIU Local 509 and that she is a party to the Collective Bargaining Agreement between CHL and SEIU. The plaintiff is not an at will employee because of her membership in the union and a party to the Collective

Bargaining Agreement and she may not be dismissed without just cause and that plaintiff was dismissed without just cause. The Plaintiff alleges that the Defendant SIEU has breached the terms of the Collective Bargaining Agreement by its failure to file grievances for the plaintiff for grievance and arbitration for the write up for **"Final Warning" of March 13, 2014.**

**Count 6- Breach of Contract By Defendant SEIU Local 509**

53. The Plaintiff re -alleges and incorporates Paragraph 1 through 52 of this complaint into count 6.

54. The Plaintiff alleges that the plaintiff was a member of SEIU Local 509 and that she is a party to the Collective Bargaining Agreement between CHL and SEIU. The plaintiff is not an at will employee because of her membership in the union and a party to the Collective Bargaining Agreement and she may not be dismissed without just cause and that plaintiff was dismissed without just cause. The Plaintiff alleges that the Defendant SIEU has breached the terms of the Collective Bargaining Agreement by its failure to file grievances for the plaintiff to grieve and arbitrate the termination of the **Plaintiff on June 17, 2014.**

**Count 7- Violation of Chapter 93A of Massachusetts General Laws**

55. The Plaintiff re -alleges and incorporates Paragraph 1 through 54 of this complaint into count 7.

56. The Plaintiff alleges that the plaintiff was a member of SEIU Local 67 and that she is a party to the Collective Bargaining Agreement between CHL and SEIU. The plaintiff is not an at will employee because of her membership in the union and a party to the Collective Bargaining Agreement and she may not be dismissed without just cause and that plaintiff was dismissed without just cause. The Plaintiff alleges that the Defendant SIEU has breached the terms of the Collective Bargaining Agreement by its failure to file grievances for the plaintiff to grieve and arbitrate for the write up and "Final Warning" of March 13, 2014 and grieve and arbitrate the termination of the Plaintiff on June 17, 2014.
The Plaintiff alleges that the defendant, SEIU, conduct and failure to intervene for the plaintiff for a reasonable solutions is unfair, deceptive and unlawful in it practices and conduct of its business and is a violation of the Massachusetts Consumer Protection Act, chapter 93A of Massachusetts General Law

**WHEREFORE,** The plaintiff respectfully prays that this Honorable Court:

a. Award judgment for plaintiff against the defendants in an amount to be determined by this Court;

b. Award Plaintiff his costs and expenses of this lawsuit including reasonable attorney fees;

c. Award Double of Treble Damages as a result of the violation of chapter 93A of Massachusetts General Laws against the plaintiff, SEIU Local 509.

d. Award such other relief this Court deems meet and just.

**PLAINTIFFS CLAIM JURY TRIAL ON ALL ISSUES SO TRIABLE**

**PLAINTIFF, Esther G. Deranamie**
**BY Her Attorney**

**DAVID A. DERANAMIE, ESQ.**
**LAW OFFICES OF DAVID DERANAMIE**
**340 MAIN STREET, SUITE 301**
**WORCESTER, MA 01608**
**TEL. 508-797-9006, FAX 508-797-9008**
**BBO# 670364**

**DATED July 28, 2015**

**Verification**

I, Esther G. Deranamie do hereby verify under the pains and penalties of perjury that the facts recited in the foregoing Complaint are true to the best of my Knowledge and belief.

ESTHER G. DERANAMIE

DATED July 28, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document upon the parties to this action by mailing a copy thereof, first class postage prepaid to all parties and Service of Process served to the defendants by GEORGE & ASSOCIATES to the following parties and or counsel of records:

SEIU LOCAL 509
100 Talcott Avenue, Bldg313, 2nd Floor
Watertown, MA 02472

COMMUNITY HEALTH LINK, INC
72 Jaques Avenue
Worcester, MA 01610-2480
Courtesy Copies:

DAVID A. DERANAMIE, ESQ.

DATED: July 28, 2015

15-1223 D

Worcester, S.S.

Docket #

***COMMONWEALTH OF MASSACHUSETTS***

FILED

JUL 29 2015

ATTEST: [signature] CLERK

ESTHER G. DERANAMIE, ***PLAINTIFF***

*vs.*

COMMUNITY HEALTHLINK, INC. & SEIU LOCAL 509 UNION, ***DEFENDANT***

***Affidavit and Motion for Appointment as Special Process Server and Order of Appointment***

In accordance with the provisions of Rule 4C of the M.R.C.P., the undersigned hereby Motions this Honorable Court for the appointment of a Constable from the offices of **GEORGE & ASSOCIATES** as process server in the above entitled action. The undersigned swears that to the best of his (her) knowledge and belief the persons to be appointed process server is a Constable who is experienced in the service of process, is 18 years of age or over and is not a party in this action.

* This Motion is time sensitive because of Entry Date and Hearing Date and will save time and expense to the Plaintiff's damages.

DAVID A. DERANAMIE, ESQ.

Name of Affiant

Atty. For (Plaintiff)(Defendant)

Signature

340 Main St., Ste. 301, Worc. MA 01608

Address

(508) 797-9006

Telephone

**Order Appointing Special Process Server**

The foregoing Motion is allowed and pursuant to Rule 4C of the M.R.C.P. IT IS ORDERED that a Constable from the offices of **GEORGE & ASSOCIATES** is hereby appointed as Special Process Server in the above entitled action.

By: Lemire J.
Justice of the Superior Court

Dated: 7/29/15

Attest: Joanne C. Deery
Asst Clerk

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.

ESTHER G. DERANAMIE

Plaintiff (s)

v.

COMMUNITY HEALTHLINK, INC &
SEIU LOCAL 509 UNION

Defendant (s)

## SUMMONS

* To the above-named Defendant: SEIU Local 509 Union

You are hereby summoned and required to serve upon DAVID A. DERANAMIE, ESQ LAW OFFICES OF DAVID DERANAMIE, plaintiff's attorney, whose address is 340 Main St., Ste. 301, Worcester, MA 01608 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness Judith Fabricant Esquire, at Worcester, the 28TH day of July in the year of our Lord two thousand and 2015.

Clerk

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 1008.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..........................................................................................................
20......................, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass.R.Civ.P. 4(d) (1-5)):

..............................................................................................................................................................

..............................................................................................................................................................

..............................................................................................................................................................

Dated AUG - 5 2015, 20............

N.B. TO PROCESS SERVER:

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| AUG - 5 2015 , 20 |
|---|

DATE SERVED 8 | 5 | 2015

CONSTABLE CITY OF [illegible]
and a disinterested party to the action
Special process server under rule 4c

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

Superior Court
Civil Action

No.

ESTHER G. DERANAMIE ........................ Plaintiff

v.

COMMUNITY HEALTHLINK, INC &
SEIU LOCAL 509 UNION ........................ Defendant

SUMMONS

(Mass. R. Civ. P.4)



WORCESTER COUNTY
Public Docket Report

1585CV01223
Deranamie, Esther vs. Community Health Link et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 07/29/2015 |
| **ACTION CODE:** | B22 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Employment Discrimination | | |
| **CASE DISPOSITION DATE** | | **CASE STATUS:** | Open |
| **CASE DISPOSITION:** | Pending | **STATUS DATE:** | 07/29/2015 |
| **CASE JUDGE:** | | **CASE SESSION:** | |

**LINKED CASE**

**PARTIES**

| | |
|---|---|
| **Plaintiff**<br>Deranamie, Esther G | **Attorney** 670364<br>David A. Deranamie<br>Law Offices of David Deranamie<br>Law Offices of David Deranamie<br>340 Main Street<br>Suite 301<br>Worcester, MA 01608<br>Work Phone (508) 753-1700<br>Added Date: 07/29/2015 |
| **Defendant**<br>Community Health Link | |
| **Defendant**<br>SEIU Local 509 Union | |

**FINANCIAL DETAILS**

| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 07/29/2015 | Civil Filing Fee (per Plaintiff)<br>Receipt: 2318 Date: 07/29/2015 | 240.00 | 240.00 | 0.00 | 0.00 |
| 07/29/2015 | Civil Security Fee (G.L. c. 262, § 4A)<br>Receipt: 2318 Date: 07/29/2015 | 20.00 | 20.00 | 0.00 | 0.00 |
| 07/29/2015 | Civil Surcharge (G.L. c. 262, § 4C)<br>Receipt: 2318 Date: 07/29/2015 | 15.00 | 15.00 | 0.00 | 0.00 |
| | **Total** | **275.00** | **275.00** | **0.00** | **0.00** |



## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|---|---|---|---|
| 07/29/2015 | 2 | Verified Original civil complaint filed. | |
| 07/29/2015 | 1 | Civil action cover sheet filed. | |
| 07/29/2015 | | Demand for jury trial entered. | |
| 07/29/2015 | 3 | Esther G Deranamie's MOTION for appointment of Special Process Server. | |
| 07/29/2015 | | Appearance entered<br>On this date David A. Deranamie, Esq. added for Plaintiff Esther G Deranamie | |
| 07/29/2015 | | Case assigned to:<br>DCM Track F - Fast Track was added on 07/29/2015 | |
| 07/29/2015 | | Endorsement on Motion for Appointment Of Special Process Server (#3.0): ALLOWED<br>George & Associates | Lemire |
| 07/29/2015 | | Notice of 93A complaint sent to Attorney General | |
| 07/29/2015 | | The following form was generated:<br><br>Notice to AG of complaint on chapter 93A<br>Sent On: 07/29/2015 14:06:42 | |

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1585CV01223 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Esther G Deranamie vs. Community Health Link et al | | Dennis P. McManus, Clerk of Courts |
| TO: File Copy | | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |

**TRACKING ORDER - F - Fast Track**

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** — **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/27/2015 | |
| Response to the complaint filed (also see MRCP 12) | | 11/27/2015 | |
| All motions under MRCP 12, 19, and 20 | 11/27/2015 | 12/28/2015 | 01/25/2016 |
| All motions under MRCP 15 | 11/27/2015 | 12/28/2015 | 01/25/2016 |
| All discovery requests and depositions served and non-expert despositions completed | 05/24/2016 | | |
| All motions under MRCP 56 | 06/23/2016 | 07/25/2016 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/21/2016 |
| Case shall be resolved and judgment shall issue by | | | 07/28/2017 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/29/2015 | Matthew S Lefebvre | (508)831-2351 |